NicholsoN, C. J.,
delivered the opinion of the Court.
On the 28th of May, 1859, a judgment was rendered in the Circuit Court of Davidson county in favor of Ann -, now Ann Conway, against Sam’l Brown and others, for $2,169, on which execution issued and was returned “nothing to be found.”
To satisfy this judgment complainants file their bill to subject a house and lot in Jackson to sale, alleging that although the title to the lot is in Matilda Brown, wife of Sam’l Brown, yet that it was paid for with money of Sam’l Brown, and that the title was procured to be made to his wife, for the fraudulent purpose of hindering and delaying his creditors.
.Defendants admit that the title to the lot was made *239 to defendant Matilda, but they deny that it was done for a fraudulent purpose. They state that the money was furnished by defendant Matilda to defendant Samuel with which to pay for the lot, that it was her own money, and that the title was properly 'made to her.
The proof shows that defendant Matilda had about $1,200 in money, and that when the lot was purchased she handed her husband $250 with which to make the first payment, and that afterward she handed him $60 to be used in paying for the lot. But it appears that defendant Samuel failed to use all of the money so handed to him in paying for the lot, but that he gave his notes for the two last payments, and that the same were paid off by Dr. Chester, who was indebted to defendant Samuel for work as a house carpenter.
It is not alleged in the answer, nor is it proven, that the money handed to defendant Samuel was the sole and separate estate of defendant Matilda. She claims that it was her own money, but does not explain how she obtained it, or why, upon her marriage with defendant Samuel, it did not become his by reason of his marital right.
The Chancellor held that the conveyance to defendant Matilda was fraudulent, as against the creditors of defendant Samuel, and decreed that the same bo sold to satisfy complainants’ judgment. From this decree complainants have appealed.
The first objection taken ro the decree is, that the judgment rendered by the Circuit Court of Davidson county, at its May Term, 1859, was void, because the *240 case bad been finally disposed of at the January Term, 1859, and therefore that the Court had no jurisdiction, at a subsequent term, to set aside that judgment and render another. This position would be fatal to the bill of complainants, but for the fact that the record of the Circuit Court shows that defendant Brown appeared at the May Term of the Court by his attorney, and that the judgment was rendered upon the verdict of a jury, defendant Brown being represented by counsel. The record imports absolute verity, and can not be disputed, except by showing, in a proceeding for that purpose, the judgment was procured by the fraud of the plaintiff therein. No such allegation or proof is made in the cause, and we are therefore bound to presume that the Court had jurisdiction of the person and of the subject-mattter, and that the judgment is valid.
The next objection is, that the lot was paid for with the money of defendant Matilda, or, if not, that she furnished the money for that purpose to her husband, and that he used the same, but substituted for it his own money made by working for Dr. Chester, and therefore that the conveyance of the lot to defendant Matilda was not fraudulent. This position rests upon the assumption that the money furnished to defendant Samuel was the separate estate of his wife. If the proof had shown that the money belonged to the wife as her separate property, we should be bound to hold that her husband received it from her as trustee to be appropriated in paying for the lot, and, as he bought the specific lot and paid for it, and took the title to her in pursuance of his duty as *241 trustee, the presumption would be that he used the trust fund in the purchase.
But we find no evidence in the record which fixes upon the money furnished by defendant Matilda the character of separate or trust estate. As far as we can see, it was the money of her husband by virtue of his marital rights.
We are therefore constrained to hold that this objection to the decree is not well taken, and that the decree below must be affirmed with costs.